UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN ST. CLAIR, et al.<br><br>        Plaintiffs,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>        Defendants. | CASE NO. C05-341JLR<br><br>ORDER |

## I.  INTRODUCTION

This matter comes before the court on Plaintiffs' motion to compel (Dkt. # 22). Having considered the papers filed in support and in opposition, the court GRANTS Plaintiffs' motion.

## II.  BACKGROUND & ANALYSIS

Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 against the State of Washington, Department of Corrections, Gary Fleming (collectively "DOC") and corrections officer, James Larson. Plaintiffs allege that Mr. Larson aimed his service firearm at both Plaintiffs and engaged in a course of sexual harassment of women at a DOC facility. Plaintiffs now seek this court's order to compel DOC to produce files related to Mr. Larson, including unredacted and complete versions of: (1) Mr. Larson's personnel file, including employment applications, (2) Mr. Larson's employee evaluations, (3) Mr. Larson's employee occupational health records, (4) an employee

ORDER – 1

conduct report (ECR) file prepared for an appeal of Mr. Larson's termination, (5) Lieutenant Bollinger's supervisory file on Mr. Larson, (6) Mr. Larson's employee history report, (7) Captain Evans' archive file on Mr. Larson, (8) an ECR report on Mr. Larson, (9) the Captain's office file on Mr. Larson, (10) an ECR log, and (11) medical records relating to Mr. Larson.  Most, if not all, of the documents appear listed on DOC's initial disclosures.  As of mid-December, it appears that DOC has produced the documents, but with significant redactions.  Sawyer Decl. ¶¶ 2-9.  Mr. Larson has not filed any objections to the current motion.

DOC makes no objection to disclosure on relevancy grounds; rather, DOC contends that significant portions of the above documents are exempt from disclosure under privacy provisions of Washington's Public Disclosure Act ("PDA"), RCW § 42.17 *et seq.*, and Washington's Uniform Health Care Information Act ("HCIA"), RCW § 70.02. Specifically, DOC cites (1) RCW § 42.17.310,[1] which exempts from "public inspection and copying" personal information contained in an employee's files; and (2) RCW § 70.02.020,[2] which requires health care providers to obtain written authorization of a patient prior to disclosure of medical records.

The court holds that PDA's privacy provision does not impose a limitation on discovery of Mr. Larson's employee files under the federal rules.  Cf. Brown v. State, 173 F.R.D. 262, 263-64 (D. Or. 1997) (holding that Oregon public records law exempting personnel files from public disclosure did not limit broad discovery authorized by federal

---

[1] PDA's privacy provision states, in part:  "[t]he following are exempt from public inspection and copying: . . . (b) personal information in files maintained for employees . . . of any public agency to the extent that disclosure would violate their right to privacy . . . (t) All applications for public employment, including the names of applicants, resumes, and other related materials . . . ."  RCW § 42.17.310.

[2] HCIA's privacy provision states, in part:  "a health care provider . . . may not disclose health care information about a patient to any other person without the patient's written authorization."  RCW § 70.02.020.

ORDER – 2

discovery rules); Hinsdale v. City of Liberal, 961 F. Supp. 1490, 1494-95 (D. Kan. 1997) (same as applied to Kansas public records law that exempted disclosure of minutes of closed city council meetings). The privacy provision is merely a narrow exception to PDA's general mandate of broad disclosure of public records. See Dawson v. Daly, 845 P.2d 995, 1000 (Wash. 1993) (since "the act favors disclosure, the statutory exemptions must be construed narrowly"). Such a privacy provision is wholly separate from and works no limitation on the broad discovery authorized by Fed. R. Civ. P. 26(b)(1). Cf. Brown, 173 F.R.D. at 263; Kerr v. United States District Court, 511 F.2d 192, 197 (9th Cir. 1975) ("the exceptions to the disclosure in the [Freedom of Information] Act were not intended to create evidentiary privileges for civil discovery. They were intended only to permit the withholding of certain types of information from the public generally."), aff'd, 426 U.S. 394 (1976).[3] Accordingly, the court grants Plaintiffs' motion to compel disclosure of Mr. Larson's employee files in unredacted form by February 13, 2006. Of course, redactions remain appropriate in the event that the contents of such documents implicate a recognized privilege under federal common law, such as the attorney-client privilege. Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) (federal common law governs question of privilege in federal question cases) (citing Fed. R. Evid. 501).

As to disclosure of documents that contain Mr. Larson's medical history, the court concludes that HCIA's privacy provision does not preclude their discovery. Cf. Hutton v. City of Martinez, 219 F.R.D. 164, 167 (N.D. Cal. 2003) (holding that privacy provisions under the federal Health Insurance Portability and Accountability Act (HIPAA) did not preclude production of defendant police officer's medical records and worker's

---

[3] Notably, because the Washington legislature modeled the PDA after the federal Freedom of Information Act, Washington courts look to federal cases in interpreting provisions of the state act. See Limstrom v. Ladenburg, 963 P.2d 869, 875 (Wash. 1998).

ORDER – 3

compensation files in response to a discovery request).  As stated previously, DOC does not object on relevancy grounds; rather DOC makes a generalized privacy argument and contends that Plaintiffs cannot obtain Mr. Larson's medical records because they did not first seek his written authorization.  DOC cites no caselaw for the proposition that HCIA's privacy provision requires a private litigant to seek such authorization in the context of discovery.  Indeed, the requirements of the privacy provision expressly apply to health care providers and their agents.  RCW § 70.02.020 (subsection entitled "Disclosure by health care provider").  Because the court finds HCIA inapplicable, the court grants Plaintiffs' motion to compel disclosure of documents that contain Mr. Larson's medical history by February 13, 2006.[4]

Notwithstanding the court's decision that the HCIA and PDA do not impose limits on discovery in a federal question case, the court recognizes that disclosure may touch on privacy rights, particularly in the context of medical files.  See, e.g., Whalen v. Roe, 429 U.S. 589, 603-604 (1977) (although not absolute, a patient has privacy rights in medical records).  It follows that even where federal courts find particular privacy statutes inapplicable, such courts permit discovery in the context of carefully drawn protective orders.  See Hutton, 219 F.R.D. at 167; Hampton v. City of San Diego, 147 F.R.D. 227, 230 (S.D. Cal. 1993).  Plaintiffs state that they would agree to such an order, Pls.' Mot. at 7, while DOC simply attaches to their responsive pleading a unilaterally drafted order which would govern confidentiality issues for the duration of the lawsuit.  The court is discouraged that the parties failed to resolve this discovery dispute at the outset by stipulating to a protective order.  To be sure, the instant dispute has become that much

---

[4] Again, redactions may be appropriate where the contents of such documents implicate a federally-recognized privilege.

ORDER – 4

more complicated given that Mr. Larson is as-yet unrepresented in this matter.[5]  In any case, the court strongly urges the parties to submit a stipulated protective order pursuant to Fed. R. Civ. P. 26(c), which the court would note for consideration immediately. Should the parties fail to arrive at consensus, the court invites any party to properly move the court to adopt a protective order.  The court will consider such a motion seven (7) days after filing, with opposition (if any) due five (5) days after filing.

### III. CONCLUSION

The court GRANTS Plaintiffs' motion to compel (Dkt. # 22).  The court directs the parties to proceed with discovery consistent with the court's order and instructs DOC to produce the documents in question by February 13, 2006.  The court urges the parties to submit a stipulated protective order.

Dated this 30th day of January, 2006.

JAMES L. ROBART
United States District Judge

---

[5] Indeed, as a general matter, it is the party with privacy interests at stake (here, Mr. Larson) that must request relief from the court, not a third party (as here, DOC).

ORDER – 5